

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR RENEE ZEPEDA RODRIGUEZ,<br><br>Defendant. | Case No. 25-MJ-6155<br><br>ORDER OF DETENTION |

I.

On October 7, 2025, Defendant Victor Renee Zepeda Rodriguez made his initial appearance on the Criminal Complaint filed in this matter. John Targowski, a member of the Indigent Defense Panel, was appointed to represent Defendant. The government was represented by Assistant United States Attorney Kelsy Stimson.

Defendant submitted on the recommendation of detention in the report prepared by U.S. Probation and Pretrial Services Office.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation prepared by U.S. Probation and Pretrial Services.

## IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ unverified background information
- ☒ unstable residence history
- ☒ history of substance use

As to danger to the community:

- ☒ allegations in the criminal complaint include racketeer influenced corrupt organizations conspiracy, and conspiracy to possess with intent to distribute controlled substances, and defendant is alleged to be source of supply for narcotics and to possess firearms in connection with and to further gang activity, and to have conspired to kidnap and rob another gang member.
- ☒ Criminal History includes felony convictions for threats with intent to terrorize, possession of narcotics, assault with a deadly weapon and battery with serious bodily injury, law enforcement contacts which include parole violations. Defendant is subject to an active misdemeanor warrant for public order crime use of nitrous oxide.
- ☒ alleged gang membership
- ☒ history of substance use

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be

afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 7, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE